OPINION
{¶ 1} Paila R. McFarland appeals a judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, which granted permanent custody of her minor child to the Richland County Children's Services Board. Appellant assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} The matter was heard before a magistrate, who took evidence and reviewed the report of the Guardian Ad Litem before making findings of facts based upon clear and convincing evidence. The magistrate found appellant was fifteen years old and a dependent child in the custody of Children's Services Board at the time she gave birth to the minor child. The case plan to reunify appellant with her daughter required appellant comply with her probation rules, undergo substance abuse evaluation and treatment, attend school, seek and maintain employment, undergo a psychological assessment, and maintain contact with her child. The magistrate found appellant had made efforts to comply with her case plan, but had not been able to sustain compliance for any extended period of time. The court found appellant had repeated probation violations, and had many absences from school because of suspensions, and her repeated detentions. The court found appellant's attendance was marred by tardiness and skipped classes. Appellant had been employed at McDonald's and at Pizza Hut, but was fired or quit those jobs after one or two months.
 {¶ 4} Appellant did submit to a psychological evaluation, which found her to be a chemical abuser, bipolar, and suffering from oppositional defiant disorder. The counselor who worked with appellant in the intensive intervention program with Family Life counseling testified based upon her year's experience with appellant, she believed appellant does not have the ability to care for a small child because she lacked the ability to "stay put" long enough for consistent treatment.
 {¶ 5} Appellant participated in substance abuse treatment, but did not complete the program. Appellant did not maintain regular contact with the child, and the child eventually bonded with her foster mother.
 {¶ 6} Appellant has been in various foster homes and in her grandmother's care, but repeatedly engaged in unruly behaviors including leaving her placement without permission. At the time of the hearing, appellant was in detention because of a fight at school and because she provided alcohol to another minor. Appellant's treatment team recommended she be placed in a group home with a goal of independent living, which would require a minimum of six months of placement after she leaves detention.
 {¶ 7} The court found appellant's daughter is a happy, healthy, and developmentally appropriate child who is a good candidate for adoption. Her foster parents wish to adopt her and she needs consistency and reliability in her relationships. Appellant's daughter has no relationship with any other members of her biological mother's family or with her father's.
 {¶ 8} The trial court found notwithstanding reasonable case planning and diligent efforts by Richland County Children's Services Board to assist appellant to remedy the problems which caused her daughter to be removed from her custody, appellant has failed continuously and repeatedly to remedy the problems. The court found appellant's age, immaturity, emotional constitution, unruly behavior, and dependent status prevented her from being able to provide the secure and permanent placement the child needs either now or at any time in the foreseeable future.
 {¶ 9} Appellant's child has been in the temporary custody of Richland County Children's Services Board for fourteen months out of a consecutive twenty-two month period. The court found based upon the relevant evidence, the child could not and should not be placed with appellant, and the parental rights and responsibilities of appellant should be terminated.
 {¶ 10} The trial court adopted the magistrate's decision and incorporated it into its judgment entry.
 {¶ 11} R.C. 2151.414 provides a trial court shall conduct a hearing to determine if it is in the best interest of the child to permanently terminate the parent rights of the parents and give permanent custody to the movant agency. The statute further provides the court may grant permanent custody of the child to a movant if the court determines at the hearing, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody and that, inter alia, the child has been in the temporary custody of one or more public or private children's services agencies for twelve or more months of consecutive twenty-two month period. Further, the court must find the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent.
 {¶ 12} R.C. 2151.414(E) provides the court shall consider all relevant evidence in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with either parent. The statute sets forth various factors the court shall consider, including whether, notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has nevertheless failed continuously and repeatedly to substantially remedy the conditions which caused the child to be placed outside the child's home. To determine whether the parents substantially remedied the conditions, the court shall consider parental utilization of medical, psychiatric, psychological, social, and rehabilitative services and resources available to the parents for the purpose of changing their conduct sufficiently to allow them to resume and maintain their parental duties.
 {¶ 13} Appellant argues the trial court's order was against the manifest weight of the evidence because it could not find by clear and convincing evidence Richland County Children's Services Board had made reasonable efforts to eliminate the need for continued removal of the child from her home. Appellant argues the court could not find by clear and convincing evidence it was in the best interest of the child to be placed in the permanent custody of Children's Services, and could not find by clear and convincing evidence appellant had failed continuously and repeatedly to substantially remedy the conditions causing the child to be removed from her custody.
 {¶ 14} Basically, appellant argues she was not given an appropriate chance to raise her child. Appellant argues Children's Services Board did not provide reasonable case planning and diligent efforts to assist her to remedy her problems, because the case plan Children's Services Board wrote required appellant to comply with conditions most children of her age are simply not capable of complying with. Appellant points out she was only fifteen when the child was born and only sixteen at the time permanent custody was granted to Children's Services. The guardian ad litem had recommended permanent custody not be granted at that time, because certain difficulties with foster parents had not been appellant's fault. Problems with the foster parents had obviously interfered with appellant's ability to comply with the case plan. There was testimony presented to the trial court many teenagers would be unable to comply with this case plan until the age of seventeen or eighteen years.
 {¶ 15} Appellant argues she substantially utilized the medical, psychiatric, psychological, and social and rehabilitative services and resources available to her. Appellant points out she was cooperative and followed her case plan. When she attended school, she was a good student. The case plan required appellant to have employment along with school attendance, although her probation officer did not require this. Appellant argues employment and attendance at school, along with all the other requirements, was simply too much to ask of any sixteen year old girl.
 {¶ 16} Appellant points out no one disputes that she loves her child and wants to care for her. Appellant argues she has not put the child in any dangerous situations and has always behaved appropriately with the child. Appellant urges the court should give her time to undertake the recommended residential treatment with the goal of being reunited with her daughter.
 {¶ 17} We have reviewed the record, and we find there is sufficient, competent and credible evidence presented to support the trial court's findings, by clear and convincing evidence.
 {¶ 18} The assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur.